UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONORATO LOZANO CAMAYO, et al., | No. 1:26-cv-02150-DAD-DMC |
| Petitioner, | |
| v. | ORDER GRANTING PETITIONERS' PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONERS' MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT, AND DENYING RESPONDENTS' MOTION TO SEVER |
| WARDEN MESA VERDE DETENTION CENTER, et al., | |
| Defendant. | |
| | (Doc. Nos. 1, 2, 6) |

On March 18, 2026, petitioners Honorato Lozano Camayo and Manuel Oswaldo Lozano Camayo filed a joint petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging their detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioners also filed a motion for temporary restraining order requesting their immediate release, or alternatively, a bond hearing before an immigration judge. (Doc. No. 2.)

In support of their petition for writ of habeas corpus and motion for temporary restraining order, petitioners allege the following.

Petitioners are brothers who entered the United States together on October 7, 2021, without inspection. (Doc. No. 1 at ¶¶ 16, 22.) On March 14, 2026, petitioners were going to work when they were detained by ICE. (*Id.* at ¶ 18.) Petitioners have provided their alien

1

numbers for identification in their petition.  (*Id.* at ¶ 17.)  Respondents do not dispute these alleged facts in their filings with the court.  (*See* Doc. Nos. 6, 8.)

On March 18, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decision in  *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), or *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025).  (Doc. No. 4.)

On March 19, 2026, respondents filed a motion to sever the petition.  (Doc. No. 6.)  On March 20, 2026, respondents filed a combined opposition to petitioners' motion for temporary restraining order and answer to the petition for writ of habeas corpus.  (Doc. No. 8.)  Respondents state therein that they do not oppose converting the motion for a temporary restraining order into a motion for a preliminary injunction and that they are further amenable to the court ruling on the habeas petition.  (*Id.* at 1.)  Petitioners filed a reply to respondents' answer on March 21, 2026.  (Doc. No. 9.)

With regard to respondents' motion to sever, respondents argue that the petitions should be severed because the individuals may have different prospects for relief and joinder of several petitions increases the possibility of inadvertent oversight due to the high volume of habeas petitions by those in immigration detention being filed at this time.  (Doc. No. 6 at 2, n. 1.)

> The Habeas Rules do not specifically address whether individuals may jointly file a habeas petition.  The Court therefore considers whether joinder is appropriate under the Federal Rules of Civil Procedure.  *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").  *See also* Habeas Rule 1(b) (providing that a "district court may apply any or all of these rules" to Section 2241 petitions).
>
> Federal Rule of Civil Procedure 20 provides that plaintiffs "may join together in one action" where: (1) "any right to relief [is asserted] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a).  "Even once

2

these requirements are met, a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (internal quotation marks omitted).

"District courts retain broad discretion in applying Rule 20." *Colors of India v. Nielsen*, No. 18-cv-4070-MWF-AS, 2018 WL 6430118, at *3–4 (C.D. Cal. Oct. 19, 2018). The propriety of permissive joinder must be assessed on a case-by-case basis. "On the whole, '[t]he transaction and common-question requirements prescribed by Rule 20(a) are not rigid tests,' but rather 'are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy.'" *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1187–88 (C.D. Cal. 2015) (quoting 7 Charles Alan Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 1653 (3d ed. 2014)); *Corley v. Google, Inc.*, 316 F.R.D. 277, 282 (N.D. Cal. 2016) ("The rules regarding permissive joinder are 'to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes.' ") (quoting *League to Save Lake Tahoe v. Tahoe Reg. Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977)).

*Hernandez Hernandez, et al., v. Janecka, et al.*, No. 5:26-cv-00710-MBK, 2026 WL 734524, at *4 (C.D. Cal. Mar. 4, 2026).

Here, petitioners assert the same legal claims and allege common facts that they entered the United States on the same day without inspection and were detained by immigration authorities together while on their way to work. (Doc. No. 1 at ¶¶ 16–33.) Respondents do not identify any factual differences between their cases. (*See* Doc. No. 6.) Rather, respondents vaguely argue that petitioners could be entitled to varying relief and may be subject to different authority applicable to their current detention. (*Id.* at 2.) "Such vague and unsupported concerns are insufficient to defeat joinder." *Hernandez Hernandez*, 2026 WL 734524 at *5 (citing *Johnson v. High Desert State Prison*, 127 F.4th 123, 134 (9th Cir. 2025) (finding that a district court abused its discretion by denying joinder of three *pro se* inmates' civil rights claims based "on hypothetical concerns that were without support in the record")).

"[G]iven the extremely high volume of immigration habeas cases in this District and the similarity of issues in hundreds of cases, judicial economy weighs heavily in favor of permitting similarly situated petitioners to join in a single action when respondents do not point to any relevant factual or legal distinctions between the petitioners' claims." *Singh v. Warden of Golden*

3

*State Annex Det. Facility*, No. 1:26-cv-00353-KES-EPG, 2026 WL 388738, at *2 (E.D. Cal. Feb. 11, 2026).  For all of these reasons, respondents' motion to sever will be denied.

With regard to petitioners' petition for writ of habeas corpus (Doc. No. 1), the court incorporates its reasoning in *Quichimbo-Jimenez*, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026) and concludes that petitioners cannot be detained pursuant to 8 U.S.C. § 1225(b) but only pursuant to 8 U.S.C. § 1226(a).  Moreover, the court incorporates its reasoning in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy here is immediate release.

For the reasons above,

1.   Petitioners' petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.   Respondents are ORDERED to immediately release petitioners from respondents' custody;

    b.   Respondents are ENJOINED AND RESTRAINED from re-detaining petitioners for any purpose, absent exigent circumstances, without providing petitioners notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a);

2.   Petitioners' motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order;

3.   Respondents' motion to sever (Doc. No. 6) is hereby DENIED; and

4.   The Clerk of the Court is directed to ENTER judgment in favor of petitioners and to close this case.

IT IS SO ORDERED.

Dated:   **March 23, 2026**                          _____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4